NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: WALLDESIGN, INC., a California corporation, <br><br> Debtor. <br><br> ------------------------------ <br><br> FRANCOIS FRERES USA, INC., <br><br> Appellant, <br><br> v. <br><br> BRIAN WEISS, Liquidation Trustee, Walldesign, Inc., <br><br> Appellee. | No. 18-60048 <br><br> BAP No. 17-1290 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Faris, and Spraker, Bankruptcy Judges, Presiding

Submitted June 11, 2019[**]

Before: CANBY, GRABER, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Francois Freres USA, Inc. ("Freres") appeals from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order denying reconsideration of its order disallowing Freres's unsecured claim in Walldesign, Inc.'s bankruptcy case. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by denying Freres's motion for reconsideration because Freres failed to demonstrate any basis for relief. *See* Fed. R. Bankr. P. 9024 (making Fed. R. Civ. P. 60 applicable to bankruptcy cases); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394–97 (1993) (discussing requirements for excusable neglect under Fed. R. Civ. P. 60(b)(1)); *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 940–41 (9th Cir. 2007) (discussing requirements for application of "catch-all provision" of Fed. R. Civ. P. 60(b)(6)).

To the extent Freres seeks to challenge the bankruptcy court's order disallowing Freres's claim, we do not consider its contentions because the order is outside the scope of this appeal. *See* 28 U.S.C. § 158(d) (court of appeals has jurisdiction over appeals from BAP final judgments).

**AFFIRMED.**